FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 2 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

JAMAL FREEMAN,

Defendant.

06-CR-493

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2) For Violation
of Supervised Release

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 26, 2011, Jamal Freeman pled guilty to violation charge nine, which charged that he violated the standard condition of supervision requiring an offender to notify the probation officer within 72 hours of being arrested or questioned by law enforcement. *See* Addendum to Violation Report. The court adopts the violation of supervised release report without change.

Freeman was sentenced for the violation on July 26, 2011. The court finds defendant's criminal history category to be category VI with a guidelines range of imprisonment of between 8 and 14 months. *See* U.S.S.G. 7B1.2(c)(1). The offense carries a maximum term of imprisonment of two years. Defendant was sentenced to twenty-three months' incarceration and thirteen months' supervised release. His original term of supervised release is revoked.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence outside the guidelines range is appropriate in this case to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553 (a)(2)(C).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Since Freeman's term of supervised release commenced on October 16, 2009, he has incurred nine violation charges. These violations include allegations of absconding from home confinement, committing new crimes in other states that involve firearms, consorting with at least one known felon, ignoring

his obligation to report new offenses to probation, and ignoring his responsibility to perform community service as ordered by the court.

Freeman's conduct over the past nearly two years that he has been on supervised release has demonstrated a flagrant violation of the court's orders. He has been afforded numerous opportunities to change his life but has repeatedly failed. The court recognizes that it is a difficult economy and does not count against defendant his inability to obtain employment. Defendant, however, has not shown motivation to seek employment. At the last status conference in May, 2011, he was ordered to participate in community service. He was immediately referred and reported to the facility. After his first day, Freeman signed in to the facility but did not perform any work and later falsely told the supervisor that he was not reporting to the site because he had obtained employment. *See* Addendum to Violation Report, July 22, 2011.

The offense to which Freeman pled guilty, failing to notify probation within 72 hours of a new arrest, is very serious. Probation was informed in July that defendant was arrested by New Jersey police in June, 2011. The police report indicates that defendant was observed driving a car illegally across a median. When officers attempted to stop him he led them of a car chase through two towns, ultimately crashing his vehicle. He then ran from officers until he was eventually apprehended on foot. Present with defendant in the vehicle was a known felon who has a history of narcotics and firearms convictions. Neither defendant nor his companion was authorized to drive the rental car they were driving.

Freeman is twenty–five years old and appears to be an extremely dangerous recidivist. Without a sharp change in direction, he is bound to kill someone or be killed. Incarceration is necessary for incapacitation. A sentence of twenty three months' incarceration and thirteen

months' supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Freeman previously demonstrated some desire to rehabilitate himself, obtaining a GED and participating in technical and vocational classes. *See* Sent'g St. of Reasons, Docket Entry 40 (E.D.N.Y. June 19, 2008). While incarcerated he shall participate in any vocational training available. In view of his young age, there is still hope that he may re-enter the community and become a productive member of society.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that violating supervised release will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. It is unlikely that defendant will engage in further criminal activity in view of the close monitoring he will receive after incarceration and the potential for severe penalties if he violates the conditions of his release.

/Jack B. Weinstein
Senior United States District Judge

Dated: August 1, 2011
Brooklyn, New York